# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MELODY A. MCCULLY, <br><br> Movant, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | Case No. 06-0829-CV-W-FJG <br> Crim. No. 03-00300-33-CR-W-FJG |

## ORDER

Pending before the Court is movant's motion to vacate, correct, or set aside her sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) and Movant's Motion for Discovery (Doc. No. 2-3). Movant claims she was denied effective assistance of counsel because her attorney: (1) failed to object to a preponderance of the evidence standard being used by the Court in determining her offense level; (2) failed to raise several objections to the factual basis as set forth in her pre-sentence report (PSR); (3) coerced movant into not mentioning any of the objections she had to the PSR; and (4) failed to request lab reports of the amount of methamphetamine seized from movant during the investigation. Movant asserts that counsel's failure to either request or object to the above items constitutes ineffective assistance of counsel.

Movant also sets forth a due process claim in her § 2255 motion. Movant argues that there is a split among the circuit courts on whether a defendant's failure to specifically object to facts in the PSR permits the district court to admit those facts. Movant argues that the Eighth Circuit incorrectly denied her claim by rejecting the other circuits' opinion, which states that a defendant's failure to object to the facts in the PSR is not an admission. The

Eighth Circuit denied movant's appeal and affirmed her conviction on June 13, 2005. United States v. McCully, 407 F.3d 931 (8th Cir. 2005). The Court determines that it cannot provide movant with any relief on the issue of the circuit split. First, the Court has no authority to reverse the Eighth Circuit. Second, any conflict among the circuits must be resolved by the United States Supreme Court. Movant properly filed a writ of certiorari with the U.S. Supreme Court to resolve the circuit split, which was denied on October 17, 2005. Thus, this Court cannot provide any further relief to movant. Therefore, the Court **DISMISSES** movant's due process claim.

Respondent claims that movant's attorney acted appropriately when she did not make movant's requested objections, and therefore, movant's ineffective assistance of counsel claim fails. Specifically, respondent asserts the following: (1) a preponderance of the evidence standard at sentencing is the appropriate standard in the Eighth Circuit; (2) movant indicated at the sentencing hearing that she had reviewed the PSR and did not note any objections; (3) movant's attorney was successful in reducing movant's offense level from 36 to 34; (4) attorney's objection to the offense level of 34 at the sentencing hearing would have most likely resulted in an increased offense level of 36; and (5) the Government would have been able to prove the offense level if movant's attorney had objected at the hearing. Respondent also objects to movant's allegation that her attorney failed to request laboratory reports. Respondent states that movant's counsel confirmed at the plea hearing the receipt of all Government reports. Finally, respondent asserts that an evidentiary hearing is unnecessary.

For the reasons stated below, the Court will **DENY** movant's motion to vacate, correct, or set aside his sentence and **DENY** movant's motion for discovery.

2

Case 4:03-cr-00300-FJG   Document 42   Filed 03/26/07   Page 2 of 7

## I. LEGAL STANDARDS

28 U.S.C. § 2255 provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

The district court must hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. "Accordingly, a claim may be dismissed without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (citing Larson v. United States, 905 F.2d 218, 220-21 (8th Cir. 1990), cert. denied, 507 U.S. 919 (1993)).

## II. DISCUSSION

To prevail on a claim of ineffective assistance of counsel, a movant must show that the attorney's performance fell below an objective standard of reasonableness and that the performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). The Court is to adopt an extremely deferential approach in evaluating counsel's performance. 466 U.S. at 689, 104 S.Ct. at 2065-66. There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id. Further, to establish prejudice, the movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors,

3

the result of the proceeding would have been different." 466 U.S. at 694, 104 S.Ct. at 2068.

Movant's ineffective assistance of counsel claim fails as a matter of law. The Court has reviewed respondent's response in opposition to movant's § 2255 motion (Doc. No. 7) and movant's reply (Doc. No. 11). The Court agrees with respondent that movant cannot satisfy an ineffective assistance of counsel claim. None of the prongs have been satisfied. On April 22, 2004, the Court sentenced Movant to 168 months for Conspiracy to distribute 50 grams or more of methamphetamine based on an offense level of 34. However, originally, the offense level was 36 in the PSR which carried a sentencing range of 210 to 262 months. Upon review of the initial PSR, movant's counsel objected to the offense level and was ultimately successful in reducing the offense level from 36 to 34, which carried a sentencing range of 168 to 210 months. (Doc. No. 7-2). If movant's attorney had not objected to the offense level of 36, then movant would have received a minimum of 210 months in prison as opposed to the 168 months she received. Movant's attorney stated in her affidavit that she did not object to the offense level of 34 for fear that movant would lose the reduction she already received. (Affidavit of Anita Burns, Doc. No. 7-3). Further, movant's attorney states that had she objected to the weapons and obstruction of justice enhancements, movant may have lost the reduction in offense level given that the Government had strong evidence to prove these enhancements. (Affidavit of Anita Burns, Doc. No. 7-3) Therefore, movant's counsel cannot be found ineffective for reducing movant's offense level and refraining from objections that would most likely enhance her client's sentence.

As to movant's claims that her attorney failed to request laboratory reports and failed to object to the preponderance of the evidence standard, the Court finds no merit in these

claims. First, there is no evidence movant's attorney did not conduct discovery. Moreover, movant's attorney clearly indicated at the plea hearing that she received all relevant documents from the Government and reviewed them. Second, the Eighth Circuit has determined that a preponderance of the evidence standard is an appropriate standard when dealing with sentencing enhancements. United States v. Johnson, 450 F.3d 831, 833 (8th Cir. 2006).

Further, the Court specifically addressed the performance of movant's attorney with the movant at the hearing. The Court asked, "Are you satisfied with the legal representation that Ms. Burns [movant's attorney] has provided to you?" She replied, "Yes, sir." The Court: "Has she failed or refused to do anything that you have asked her to do?" Movant: "No, sir, she's been very well."

Additionally, the Court asked the movant at the sentencing hearing if she had reviewed the PSR and discussed it with counsel. She replied that she did. Movant's counsel also stated no objections to the final PSR at the hearing. Although movant submitted evidence that she made objections to the PSR, these objections were made privately to her attorney in a letter and not to the Court. Movant contends that her attorney coerced her into not stating her objections, but the Court finds this allegation unfounded. The affidavit of movant's attorney states: (1) she discussed the PSR with movant and (2) movant was in agreement with attorney's recommendations in not making certain objections.

Under the second prong of the Strickland test, even if an error by counsel is unreasonable, the judgment should not be set aside unless it would have changed the outcome. Strickland, 466 U.S. at 691-92, 104 S.Ct. at 2066-67. The Court finds that even

5

if counsel's failure to make objections to the PSR was unreasonable, it did not prejudice the movant. If counsel had made all of movant's objections, the outcome would have remained the same.

When there is a reasonable probability that the Government would have been able to produce facts sufficient to support the offense level in the PSR, courts have held that counsel was not ineffective for failing to make objections to the PSR. See United States v. Apfel, 97 F.3d 1074, 1077 (8th Cir. 1996) (holding that there was no doubt the government would have been to prove the offense level and thus the result of defendant's sentencing would not have been different); Garrett v. United States, 78 F.3d 1296, 1305 (8th Cir. 1996)(concluding that trial counsel is not ineffective to object to facts in a pre-sentence report resulting in a particular offense level if the government would be able to establish facts sufficient to support the offense level). For instance, if movant's counsel had objected to the weapon and firearms enhancement and to the amounts of methamphetamine in the final PSR report, then respondent would have had to produce facts and evidence to support the offense level in the PSR. Based on the strong facts and evidence against the movant (such as her several admissions to law enforcement about her firearms possession), it is almost unequivocal that respondent would have been able to meet its burden.

The effect of respondent proving the offense level would have resulted in the movant either receiving the same sentence or a longer sentence if the respondent proved an even greater offense level. Thus, the outcome for movant would have been the same or worse if her attorney had made all the objections movant sought. This is precisely the reason movant's attorney did not make objections to the PSR report. (Affidavit of Anita Burns,

Doc. No. 7-3). Therefore, movant fails on her claim of ineffective assistance of counsel.

The Court concludes that no evidentiary hearing is necessary because the record affirmatively refutes the factual assertions upon which the claim is based. Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994).

### III. CONCLUSION

Upon careful review and consideration, the Court finds that the record in this case conclusively demonstrates that movant is entitled to no relief. Accordingly, it is hereby **ORDERED** that movant's motion to vacate, correct, or set aside her sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is **DENIED.** Because the Court finds that movant is entitled to no relief, the Court also orders that movant's motion for discovery is **DENIED**.

Date:   3/26/07                                                      **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                                         Fernando J. Gaitan, Jr.
                                                                              Chief United States District Judge

7